**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ACERTA PHARMA B.V., ASTRAZENECA UK LIMITED, ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA AB, and MERCK SHARP & DOHME B.V., <br><br> *Plaintiffs,* <br><br> v. <br><br> NATCO PHARMA LIMITED and NATCO PHARMA, INC., <br><br> *Defendants.* | Civil Action No. _____ |

**<u>COMPLAINT</u>**

Plaintiffs Acerta Pharma B.V., AstraZeneca UK Limited, AstraZeneca Pharmaceuticals LP, AstraZeneca AB (collectively "AstraZeneca"), and Merck Sharp & Dohme B.V. ("Merck") (together hereinafter "Plaintiffs") file this Complaint for patent infringement against Natco Pharma Limited and Natco Pharma, Inc. (collectively, "Natco"), and by their attorneys, hereby allege as follows:

1.     This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 100 et seq., which arises out of the submission by Natco of Abbreviated New Drug New Drug Application ("ANDA") No. 216768 ("Natco's ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import a generic version of CALQUENCE® (acalabrutinib) 100 mg oral capsules prior to the expiration of U.S. Patent No. 9,290,504 ("the '504 patent"); U.S. Patent No. 9,758,524 ("the '524 patent");  U.S. Patent No. 10,239,883 ("the '883 patent"); U.S. Patent No. 9,796,721 ("the

1

'721 patent"); U.S. Patent No. 10,167,291 ("the '291 patent"); and U.S. Patent No. 10,272,083 ("the '083 patent"). These patents are referred to collectively herein as the "Patents-in-Suit."

## PARTIES

2.      Plaintiff Acerta Pharma B.V. is a private limited liability company organized and existing under the laws of the Netherlands, having its principal place of business at Kloosterstraat 9, 5349 AB Oss, The Netherlands.

3.      Plaintiff AstraZeneca UK Limited is a private company limited by shares organized and existing under the laws of England and Wales, having its principal place of business at 1 Francis Crick Avenue, Cambridge Biomedical Campus, Cambridge CB2 0AA, United Kingdom. AstraZeneca UK Limited is the holder of New Drug Application No. 210259 for the manufacture and sale of CALQUENCE® (acalabrutinib) which has been approved by the FDA.

4.      Plaintiff AstraZeneca Pharmaceuticals LP is a limited partnership organized and existing under the laws of the State of Delaware, having its principal place of business at 1800 Concord Pike, P.O. Box 15437, Wilmington, Delaware, 19850.

5.      Plaintiff AstraZeneca AB is a corporation organized and existing under the laws of Sweden, with its principal place of business at S-151 85 Södertälje, Sweden.

6.      Plaintiff Merck Sharp & Dohme B.V. is a company organized and existing under the laws of The Netherlands, having its principal place of business at Waarderweg 39, 2031BN Haarlem, The Netherlands.

7.      On information and belief, defendant Natco Pharma Limited is a company organized and existing under the laws of the Republic of India with a principal place of business at Natco House Road No. 2, Banjara Hills 500 034, Hyderabad, India. On information and belief, Natco Pharma Limited is in the business of, among other things, manufacturing and selling generic

2

versions of branded pharmaceutical drugs through various operating subsidiaries, including Natco Pharma, Inc.

8.      On information and belief, defendant Natco Pharma, Inc. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 297 Mine Bank Rd., Wellsville, PA 17365-9514.  On information and belief, Natco Pharma, Inc. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market.

9.      On information and belief, Natco Pharma, Inc. is a wholly owned subsidiary of Natco Pharma Limited and is controlled and/or dominated by Natco Pharma Limited.

10.     On information and belief, Natco Pharma Limited and Natco Pharma, Inc. acted in concert to prepare and submit Natco's ANDA to the FDA.

11.     On information and belief, Natco Pharma Limited and Natco Pharma, Inc. know and intend that upon approval of Natco's ANDA, Natco Pharma Limited will manufacture Natco's ANDA Products and Natco Pharma Limited and Natco Pharma, Inc. will directly or indirectly market, sell, and distribute Natco's ANDA Products throughout the United States, including in Delaware.

12.     On information and belief, following any FDA approval of Natco's ANDA, Natco Pharma Limited and Natco Pharma, Inc. will act in concert to distribute and sell Natco's ANDA Products throughout the United States, including within Delaware.

**JURISDICTION**

13.     Plaintiffs incorporate each of the preceding paragraphs 1–12 as if fully set forth herein.

3

ME1 39434122v.1

14.	This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

15.	Based on the facts and causes alleged herein, and for additional reasons to be further developed through discovery if necessary, this Court has personal jurisdiction over Natco.

16.	Natco Pharma Limited is subject to personal jurisdiction in Delaware because, among other things, Natco Pharma Limited, itself and through its wholly-owned subsidiary Natco Pharma Inc., has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  On information and belief, Natco Pharma Limited itself, and through its wholly-owned subsidiary Natco Pharma, Inc., develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware related to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.  In addition, Natco Pharma Limited is subject to personal jurisdiction in Delaware because, on information and belief, it controls and dominates Natco Pharma, Inc. and therefore the activities of Natco Pharma, Inc. in this jurisdiction are attributed to Natco Pharma Limited.

17.	Natco Pharma, Inc. is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  Natco Pharma, Inc. is a corporation organized and existing under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware.  It therefore has consented to general jurisdiction in Delaware.  In addition, on information and belief, Natco Pharma, Inc. develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs

ME1 39434122v.1

throughout the United States, including in the State of Delaware and therefore transacts business within the State of Delaware related to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

18.    In addition, this Court has personal jurisdiction over Natco because, among other things, on information and belief: (1) Natco filed Natco's ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product in the United States, including in Delaware; and (2) upon approval of Natco's ANDA, Natco will market, distribute, offer for sale, sell, and/or import Natco's ANDA Product in the United States, including in Delaware, and will derive substantial revenue from the use or consumption of Natco's ANDA Product in Delaware. *See Acorda Therapeutics Inc. v. Mylan Pharm. Inc.*, 817 F.3d 755, 763 (Fed. Cir. 2016). On information and belief, upon approval of Natco's ANDA, Natco's ANDA Products will, among other things, be marketed, distributed, offered for sale, sold, and/or imported in Delaware; prescribed by physicians practicing in Delaware; dispensed by pharmacies located within Delaware; and/or used by patients in Delaware, all of which would have a substantial effect on Delaware.

19.    In addition, this Court has personal jurisdiction over Natco because Natco Pharma Limited and Natco Pharma, Inc. regularly (1) engage in patent litigation concerning Natco's ANDA products in this District, (2) do not contest personal jurisdiction in this District, and (3) purposefully avail themselves of the rights and benefits of this Court by asserting claims and/or counterclaims in this District. *See, e.g.,* Defs.' Answer, *Cephalon, Inc. v. Breckenridge Pharmaceutical, Inc. et al.*, No. 1:14-cv-00671 (D. Del. Jul. 7, 2014), D.I. 7; Natco's Answer to Second Am. Compl., *Gilead Sciences, Inc. v. Apotex, Inc. et al.*, No. 1:20-cv-00189 (D. Del. Nov. 15, 2021), D.I. 391.

ME1 39434122v.1

20.     For the above reasons, it would not be unfair or unreasonable for Natco to litigate this action in this District, and the Court has personal jurisdiction over it here.

## VENUE

21.     Plaintiffs incorporate each of the preceding paragraphs 1–20 as if fully set forth herein.

22.     Venue is proper in this District under 28 U.S.C. § 1391 with respect to Natco Pharma Limited, at least because, on information and belief, Natco Pharma Limited is a foreign corporation that may be sued in any judicial district in which it is subject to the Court's personal jurisdiction.

23.     Venue is proper in this district as to Natco Pharma, Inc. pursuant to 28 U.S.C. § 1400(b) because, *inter alia*, Natco Pharma, Inc. is a corporation organized and existing under the laws of the State of Delaware and thus "resides" in this judicial district. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S.Ct. 1514, 1515 (2017).

## FACTUAL BACKGROUND

24.     CALQUENCE®, which contains acalabrutinib as its active ingredient, is a kinase inhibitor indicated for the treatment of adult patients with mantle cell lymphoma ("MCL") who have received at least one prior therapy, and as a first-line treatment for chronic lymphocytic leukemia ("CLL") or small lymphocytic lymphoma ("SLL").

25.     On information and belief, Natco's ANDA Product is a generic version of CALQUENCE®.

26.     By letter dated December 20, 2021 ("Natco's Notice Letter"), Natco notified Plaintiffs that it had filed a Paragraph IV Certification with respect to the '504 patent, the '524 patent, the '721 patent, the '291 patent, and the '083 patent and was seeking approval from the

6

FDA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product prior to the expiration of those patents.  On information and belief, Natco's ANDA contains a Paragraph IV Certification asserting that the '504 patent, the '524 patent, the '721 patent, the '291 patent, and the '083 patent will not be infringed by the manufacture, use, offer for sale, sale, or importation of Natco's ANDA Products, and/or that the Patents-in-Suit are invalid and/or unenforceable.

27.     The purpose of Natco's submission of Natco's ANDA was to obtain approval under the Federal Food, Drug and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product prior to the expiration of the Patents-in-Suit.

28.     In Natco's Notice Letter, Natco stated that the subject of Natco's ANDA is for an acalabrutinib oral capsule, 100 mg.

29.     In an exchange of correspondence, counsel for Plaintiffs and counsel for Natco discussed the terms of Natco's Offer of Confidential Access.  The parties did not agree on terms under which Plaintiffs could review, among other things, Natco's ANDA and the Drug Master File referred to therein, and Natco refused to produce samples of Natco's ANDA Product and other internal documents and materials relevant to infringement.

30.     This action is being commenced before the expiration of forty-five days from the date of receipt of Natco's Notice Letter.

<u>**COUNT I – INFRINGEMENT OF THE '504 PATENT**</u>
<u>**UNDER 35 U.S.C. § 271(e)(2)**</u>

31.     Plaintiffs incorporate each of the preceding paragraphs 1–30 as if fully set forth herein.

ME1 39434122v.1

32.     The '504 patent, entitled "4-Imidazopyridazin-1-yl-Benzamides and 4-Imidazotriazin-1-yl-Benzamides as BTK Inhibitors" (attached as Exhibit A), was duly and legally issued on March 22, 2016.

33.     Merck is the owner and assignee of the '504 patent.  AstraZeneca is exclusive licensee of the '504 patent.  Merck and AstraZeneca collectively possess all rights, title, and interest in the '504 patent.

34.     The '504 patent claims, *inter alia,* an isolated compound of the structure recited in claim 1, or a pharmaceutically acceptable salt thereof.

35.     The '504 patent claims, *inter alia,* a compound which is (S)-4-(8-amino-3-(1-but-2-ynoylpyrrolidin-2-yl)imidazo[1,5-a]pyrazin-1-yl)-N-(pyridin-2-yl)benzamide, having the structure:

as recited in claim 30 of the '504 patent.

36.     CALQUENCE® is covered by one or more claims of the '504 patent, including claims 1 and 30 of the '504 patent, and the '504 patent has been listed in connection with CALQUENCE® in the FDA's publication Approved Drug Products with Therapeutic Equivalence Evaluations, also known as the "Orange Book."

8

37.     Natco's submission of Natco's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product prior to the expiration of the '504 patent was an act of infringement of the '504 patent under 35 U.S.C. § 271(e)(2)(A).

38.     On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Natco's ANDA Product would infringe at least claims 1 and 30 of the '504 patent, recited above, either literally or under the doctrine of equivalents.

39.     In Natco's Notice Letter, Natco did not contest the infringement of claims 1 and 30 of the '504 patent on any basis other than the alleged invalidity of those claims.

40.     On information and belief, Natco has not challenged U.S. Patent No. 7,459,554 ("the '554 patent"), which is listed in connection with CALQUENCE® in the FDA's Orange Book and expires on November 24, 2026.  On information and belief, following the expiration of the '554 patent, Natco will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Natco's ANDA Product immediately and imminently upon FDA approval of Natco's ANDA.

41.     On information and belief, the use of Natco's ANDA Product in accordance with and as directed by Natco's proposed labeling for that product would infringe at least claims 1 and 30 of the '504 patent.

42.     On information and belief, Natco plans and intends to, and will, actively induce infringement of the '504 patent when Natco's ANDA is approved, and plans and intends to, and will, do so after approval.

43.     On information and belief, Natco knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '504 patent and that its ANDA

9

ME1 39434122v.1

Product and its proposed labeling is not suitable for substantial non-infringing use.  On information and belief, Natco plans and intends to, and will, contribute to infringement of the '504 patent after approval of Natco's ANDA.

44.    The foregoing actions by Natco constitute and/or will constitute infringement of the '504 patent, active inducement of infringement of the '504 patent, and contribution to the infringement by others of the '504 patent.

45.    On information and belief, Natco has acted with full knowledge of the '504 patent and without a reasonable basis for believing that it would not be liable for infringing the '504 patent, actively inducing infringement of the '504 patent, and contributing to the infringement by others of the '504 patent.

46.    Unless Natco is enjoined from infringing the '504 patent, actively inducing infringement of the '504 patent, and contributing to the infringement by others of the '504 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT II – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '504 PATENT

47.    Plaintiffs incorporate each of the preceding paragraphs 1–46 as if fully set forth herein.

48.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case or actual controversy between Plaintiffs on the one hand and Natco on the other regarding Natco's infringement, active inducement of infringement, and contribution to the infringement by others of the '504 patent.

49.    The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Natco's ANDA Product with its proposed labeling, or any other Natco drug product that is covered by or whose use is covered by the '504 patent, will infringe, induce the

10

infringement of, and contribute to the infringement by others of the '504 patent, and that the claims of the '504 patent are valid.

### COUNT III – INFRINGEMENT OF THE '524 PATENT
### UNDER 35 U.S.C. § 271(e)(2)

50.    Plaintiffs incorporate each of the preceding paragraphs 1–49 as if fully set forth herein.

51.    The '524 patent, entitled, "4-Imidazopyridazin-1-yl-Benzamides as BTK Inhibitors" (attached as Exhibit B), was duly and legally issued on September 12, 2017.

52.    Merck is the owner and assignee of the '524 patent.  AstraZeneca is exclusive licensee of the '524 patent.  Merck and AstraZeneca collectively possess all rights, title, and interest in the '524 patent.

53.    The '524 patent claims, *inter alia,* a method of treating Mantle Cell Lymphoma ("MCL") in a human subject, the method comprising administering to the human subject a compound which is (S)-4-(8-amino-3-(1-but-2-ynoylpyrrolidin-2-yl)imidazo[1,5-a]pyrazin-1-yl)-N-(pyridin-2-yl)benzamide, having the structure:

ME1 39434122v.1

or a pharmaceutically acceptable salt thereof, in an amount effective to treat MCL in the human subject, as recited in claim 1 of the '524 patent.

54.     CALQUENCE®, as well as methods of using CALQUENCE®, are covered by one or more claims of the '524 patent, including claim 1 of the '524 patent, and the '524 patent has been listed in connection with CALQUENCE® in the FDA's Orange Book.

55.     Natco's submission of Natco's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product prior to the expiration of the '524 patent was an act of infringement of the '524 patent under 35 U.S.C. § 271(e)(2)(A).

56.     On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Natco's ANDA Product would infringe at least claim 1 of the '524 patent, recited above, either literally or under the doctrine of equivalents.

57.     In Natco's Notice Letter, Natco did not contest the infringement of claim 1 of the '524 patent on any basis other than the alleged invalidity of that claim.

58.     On information and belief, Natco has not challenged the '554 patent, which is listed in connection with CALQUENCE® in the FDA's Orange Book and expires on November 24, 2026.  On information and belief, following the expiration of the '554 patent, Natco will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Natco's ANDA Product immediately and imminently upon FDA approval of Natco's ANDA.

59.     On information and belief, the use of Natco's ANDA Product in accordance with and as directed by Natco's proposed labeling for that product would infringe at least claim 1 of the '524 patent.

12

ME1 39434122v.1

60.     On information and belief, Natco plans and intends to, and will, actively induce infringement of the '524 patent when Natco's ANDA is approved, and plans and intends to, and will, do so after approval.

61.     On information and belief, Natco knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '524 patent and that its ANDA Product and its proposed labeling is not suitable for substantial non-infringing use.  On information and belief, Natco plans and intends to, and will, contribute to infringement of the '524 patent after approval of Natco's ANDA.

62.     The foregoing actions by Natco constitute and/or will constitute infringement of the '524 patent, active inducement of infringement of the '524 patent, and contribution to the infringement by others of the '524 patent.

63.     On information and belief, Natco has acted with full knowledge of the '524 patent and without a reasonable basis for believing that it would not be liable for infringing the '524 patent, actively inducing infringement of the '524 patent, and contributing to the infringement by others of the '524 patent.

64.     Unless Natco is enjoined from infringing the '524 patent, actively inducing infringement of the '524 patent, and contributing to the infringement by others of the '524 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT IV – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '524 PATENT

65.     Plaintiffs incorporate each of the preceding paragraphs 1–64 as if fully set forth herein.

66.     The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case or actual controversy between Plaintiffs on

13

the one hand and Natco on the other regarding Natco's infringement, active inducement of infringement, and contribution to the infringement by others of the '524 patent.

67.    The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Natco's ANDA Product with its proposed labeling, or any other Natco drug product that is covered by or whose use is covered by the '524 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '524 patent, and that the claims of the '524 patent are valid.

## COUNT V – INFRINGEMENT OF THE '883 PATENT UNDER 35 U.S.C. § 271(e)(2)

68.    Plaintiffs incorporate each of the preceding paragraphs 1–67 as if fully set forth herein.

69.    The '883 patent, entitled "4-Imidazopyridazin-1-yl-Benzamides as BTK Inhibitors" (attached as Exhibit C), was duly and legally issued on March 26, 2019.

70.    Merck is the owner and assignee of the '883 patent.  AstraZeneca is exclusive licensee of the '883 patent.  Merck and AstraZeneca collectively possess all rights, title, and interest in the '883 patent.

71.    The '883 patent claims, *inter alia,* a method of treating chronic lymphocytic leukemia in a human subject, the method comprising administering to the human subject a compound which is (S)-4-(8-amino-3-(1-but-2-ynoylpyrrolidin-2-yl)imidazo[1,5-a]pyrazin-1-yl)-N-(pyridin-2-yl)benzamide, having the structure:

14

ME1 39434122v.1

or a pharmaceutically acceptable salt thereof, as recited in claim 1 of the '883 patent.

72.    CALQUENCE®, as well as methods of using CALQUENCE®, are covered by one or more claims of the '883 patent, including claim 1 of the '883 patent, and the '883 patent has been listed in connection with CALQUENCE® in the FDA's Orange Book.

73.    Natco's submission of Natco's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product prior to the expiration of the '883 patent was an act of infringement of the '883 patent under 35 U.S.C. § 271(e)(2)(A).

74.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Natco's ANDA Product would infringe at least claim 1 of the '883 patent, recited above, either literally or under the doctrine of equivalents.

75.    On information and belief, Natco has not challenged the '554 patent, which is listed in connection with CALQUENCE® in the FDA's Orange Book and expires on November 24, 2026.  On information and belief, following the expiration of the '554 patent, Natco will engage

15

ME1 39434122v.1

in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Natco's ANDA Product immediately and imminently upon FDA approval of Natco's ANDA.

76.     On information and belief, the use of Natco's ANDA Product in accordance with and as directed by Natco's proposed labeling for that product would infringe at least claim 1 of the '883 patent.

77.     On information and belief, Natco plans and intends to, and will, actively induce infringement of the '883 patent when Natco's ANDA is approved, and plans and intends to, and will, do so after approval.

78.     On information and belief, Natco knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '883 patent and that its ANDA Product and its proposed labeling is not suitable for substantial non-infringing use.  On information and belief, Natco plans and intends to, and will, contribute to infringement of the '883 patent after approval of Natco's ANDA.

79.     The foregoing actions by Natco constitute and/or will constitute infringement of the '883 patent, active inducement of infringement of the '883 patent, and contribution to the infringement by others of the '883 patent.

80.     On information and belief, Natco has acted with full knowledge of the '883 patent and without a reasonable basis for believing that it would not be liable for infringing the '883 patent, actively inducing infringement of the '883 patent, and contributing to the infringement by others of the '883 patent.

81.     Unless Natco is enjoined from infringing the '883 patent, actively inducing infringement of the '883 patent, and contributing to the infringement by others of the '883 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT VI – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '883 PATENT

82.     Plaintiffs incorporate each of the preceding paragraphs 1–81 as if fully set forth herein.

83.     The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case or actual controversy between Plaintiffs on the one hand and Natco on the other regarding Natco's infringement, active inducement of infringement, and contribution to the infringement by others of the '883 patent.

84.     The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Natco's ANDA Product with its proposed labeling, or any other Natco drug product that is covered by or whose use is covered by the '883 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '883 patent, and that the claims of the '883 patent are valid.

## COUNT VII – INFRINGEMENT OF THE '721 PATENT UNDER 35 U.S.C. § 271(e)(2)

85.     Plaintiffs incorporate each of the preceding paragraphs 1–84 as if fully set forth herein.

86.     The '721 patent, entitled, "Crystal Forms of (S)-4-(8-amino-3-(1-but-2-ynoylpyrrolidin-2-yl)imidazo[1,5-a]pyrazin-1-yl)-N-(pyridin-2-yl)benzamide" (attached as Exhibit D), was duly and legally issued on October 24, 2017.

87.     Acerta Pharma B.V. is the owner and assignee of the '721 patent.  AstraZeneca has all rights, title, and interest in the '721 patent.

88.     The '721 patent claims, *inter alia,* a crystal form of (S)-4-(8-amino-3-(1-but-2-ynoylpyrrolidin-2-yl)imidazo[1,5-a]pyrazin-1-yl)-N-(pyridin-2-yl)benzamide characterized by an

17

ME1 39434122v.1

X-ray powder diffraction pattern comprising peaks at 6.4° ±0.2° 2θ, 8.6° ±0.2° 2θ, 10.5° ±0.2° 2θ, 11.6° ±0.2° 2θ and 15.7° ±0.2° 2θ as recited in claim 1 of the '721 patent.

89.    CALQUENCE®, as well as methods of using CALQUENCE®, are covered by one or more claims of the '721 patent, including claim 1 of the '721 patent, and the '721 patent has been listed in connection with CALQUENCE® in the FDA's Orange Book.

90.    Natco's submission of Natco's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product prior to the expiration of the '721 patent was an act of infringement of the '721 patent under 35 U.S.C. § 271(e)(2)(A).

91.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Natco's ANDA Product would infringe at least claim 1 of the '721 patent, recited above, either literally or under the doctrine of equivalents.

92.    On information and belief, Natco has not challenged the '554 patent, which is listed in connection with CALQUENCE® in the FDA's Orange Book and expires on November 24, 2026. On information and belief, following the expiration of the '554 patent, Natco will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Natco's ANDA Product immediately and imminently upon FDA approval of Natco's ANDA.

93.    On information and belief, the use of Natco's ANDA Product in accordance with and as directed by Natco's proposed labeling for that product would infringe at least claim 1 of the '721 patent.

94.    On information and belief, Natco plans and intends to, and will, actively induce infringement of the '721 patent when Natco's ANDA is approved, and plans and intends to, and will, do so after approval.

18

95.     On information and belief, Natco knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '721 patent and that its ANDA Product and its proposed labeling is not suitable for substantial non-infringing use.  On information and belief, Natco plans and intends to, and will, contribute to infringement of the '721 patent after approval of Natco's ANDA.

96.     The foregoing actions by Natco constitute and/or will constitute infringement of the '721 patent, active inducement of infringement of the '721 patent, and contribution to the infringement by others of the '721 patent.

97.     On information and belief, Natco has acted with full knowledge of the '721 patent and without a reasonable basis for believing that it would not be liable for infringing the '721 patent, actively inducing infringement of the '721 patent, and contributing to the infringement by others of the '721 patent.

98.     Unless Natco is enjoined from infringing the '721 patent, actively inducing infringement of the '721 patent, and contributing to the infringement by others of the '721 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT VIII – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '721 PATENT

99.     Plaintiffs incorporate each of the preceding paragraphs 1–98 as if fully set forth herein.

100.     The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case or actual controversy between Plaintiffs on the one hand and Natco on the other regarding Natco's infringement, active inducement of infringement, and contribution to the infringement by others of the '721 patent.

ME1 39434122v.1

101.    The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Natco's ANDA Product with its proposed labeling, or any other Natco drug product that is covered by or whose use is covered by the '721 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '721 patent, and that the claims of the '721 patent are valid.

## COUNT IX – INFRINGEMENT OF THE '291 PATENT UNDER 35 U.S.C. § 271(e)(2)

102.    Plaintiffs incorporate each of the preceding paragraphs 1–101 as if fully set forth herein.

103.    The '291 patent, entitled, "Pharmaceutical Compositions Comprising a Crystal Form of (S)-4-(8-amino-3-(1-but-2-ynoylpyrrolidin-2-yl)imidazo[1,5-a]pyrazin-1-yl)-N-(pyridin-2-yl)benzamide " (attached as Exhibit E), was duly and legally issued on January 1, 2019.

104.    Acerta Pharma B.V. is the owner and assignee of the '291 patent.  AstraZeneca has all rights, title, and interest in the '291 patent.

105.    The '291 patent claims, *inter alia,* a solid pharmaceutical composition comprising at least one pharmaceutically acceptable excipient and 95-105 mg of a crystal form of (S)-4-(8-amino-3-(1-but-2-ynoylpyrrolidin-2-yl)imidazo[1,5-a]pyrazin-1-yl)-N-(pyridin-2-yl)benzamide characterized by a reflection X-ray powder diffraction pattern comprising peaks at 6.4° ±0.2° 2θ, 8.6° ±0.2° 2θ, 10.5° ± 0.2° 2θ, 11.6° ±0.2° 2θ and 15.7° ±0.2° 2θ  as recited in claim 1 of the '291 patent.

106.    CALQUENCE®, as well as methods of using CALQUENCE®, are covered by one or more claims of the '291 patent, including claim 1 of the '291 patent, and the '291 patent has been listed in connection with CALQUENCE® in the FDA's Orange Book.

20

ME1 39434122v.1

107.    Natco's submission of Natco's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product prior to the expiration of the '291 patent was an act of infringement of the '291 patent under 35 U.S.C. § 271(e)(2)(A).

108.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Natco's ANDA Product would infringe at least claim 1 of the '291 patent, recited above, either literally or under the doctrine of equivalents.

109.    On information and belief, Natco has not challenged the '554 patent, which is listed in connection with CALQUENCE® in the FDA's Orange Book and expires on November 24, 2026.  On information and belief, following the expiration of the '554 patent, Natco will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Natco's ANDA Product immediately and imminently upon FDA approval of Natco's ANDA.

110.    On information and belief, the use of Natco's ANDA Product in accordance with and as directed by Natco's proposed labeling for that product would infringe at least claim 1 of the '291 patent.

111.    On information and belief, Natco plans and intends to, and will, actively induce infringement of the '291 patent when Natco's ANDA is approved, and plans and intends to, and will, do so after approval.

112.    On information and belief, Natco knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '291 patent and that its ANDA Product and its proposed labeling is not suitable for substantial non-infringing use.  On information and belief, Natco plans and intends to, and will, contribute to infringement of the '291 patent after approval of Natco's ANDA.

113.    The foregoing actions by Natco constitute and/or will constitute infringement of the '291 patent, active inducement of infringement of the '291 patent, and contribution to the infringement by others of the '291 patent.

114.    On information and belief, Natco has acted with full knowledge of the '291 patent and without a reasonable basis for believing that it would not be liable for infringing the '291 patent, actively inducing infringement of the '291 patent, and contributing to the infringement by others of the '291 patent.

115.    Unless Natco is enjoined from infringing the '291 patent, actively inducing infringement of the '291 patent, and contributing to the infringement by others of the '291 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT X – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '291 PATENT

116.    Plaintiffs incorporate each of the preceding paragraphs 1–115 as if fully set forth herein.

117.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case or actual controversy between Plaintiffs on the one hand and Natco on the other regarding Natco's infringement, active inducement of infringement, and contribution to the infringement by others of the '291 patent.

118.    The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Natco's ANDA Product with its proposed labeling, or any other Natco drug product that is covered by or whose use is covered by the '291 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '291 patent, and that the claims of the '291 patent are valid.

22

## COUNT XI – INFRINGEMENT OF THE '083 PATENT
## UNDER 35 U.S.C. § 271(e)(2)

119.    Plaintiffs incorporate each of the preceding paragraphs 1–118 as if fully set forth herein.

120.    The '083 patent, entitled, "Methods of Treating Chronic Lymphocytic Leukemia and Small Lymphocytic Leukemia Using a BTK Inhibitor" (attached as Exhibit F), was duly and legally issued on April 30, 2019.

121.    Acerta Pharma B.V. is the owner and assignee of the '083 patent.  AstraZeneca has all rights, title, and interest in the '083 patent.

122.    The '083 patent claims, *inter alia,* a method of treating mantle cell lymphoma (MCL) in a human subject suffering therefrom comprising the step of orally administering, to the human subject, a dose of 100 mg twice daily of a Bruton's tyrosine kinase (BTK) inhibitor, wherein the BTK inhibitor is a compound of Formula (II)

or a pharmaceutically acceptable salt, hydrate, or solvate thereof, as recited in claim 8 of the '083 patent.

23

123.    CALQUENCE®, as well as methods of using CALQUENCE®, are covered by one or more claims of the '083 patent, including claim 8 of the '083 patent, and the '083 patent has been listed in connection with CALQUENCE® in the FDA's Orange Book.

124.    Natco's submission of Natco's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Natco's ANDA Product prior to the expiration of the '083 patent was an act of infringement of the '083 patent under 35 U.S.C. § 271(e)(2)(A).

125.    In Natco's Notice Letter, Natco did not contest the infringement of claim 8 of the '083 patent on any basis other than the alleged invalidity of those claims.

126.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Natco's ANDA Product would infringe at least claim 8 of the '083 patent, recited above, either literally or under the doctrine of equivalents.

127.    On information and belief, Natco has not challenged the '554 patent, which is listed in connection with CALQUENCE® in the FDA's Orange Book and expires on November 24, 2026.  On information and belief, following the expiration of the '554 patent, Natco will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Natco's ANDA Product immediately and imminently upon FDA approval of Natco's ANDA.

128.    On information and belief, the use of Natco's ANDA Product in accordance with and as directed by Natco's proposed labeling for that product would infringe at least claim 8 of the '083 patent.

129.    On information and belief, Natco plans and intends to, and will, actively induce infringement of the '083 patent when Natco's ANDA is approved, and plans and intends to, and will, do so after approval.

24

130.    On information and belief, Natco knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '083 patent and that its ANDA Product and its proposed labeling is not suitable for substantial non-infringing use. On information and belief, Natco plans and intends to, and will, contribute to infringement of the '083 patent after approval of Natco's ANDA.

131.    The foregoing actions by Natco constitute and/or will constitute infringement of the '083 patent, active inducement of infringement of the '083 patent, and contribution to the infringement by others of the '083 patent.

132.    On information and belief, Natco has acted with full knowledge of the '083 patent and without a reasonable basis for believing that it would not be liable for infringing the '083 patent, actively inducing infringement of the '083 patent, and contributing to the infringement by others of the '083 patent.

133.    Unless Natco is enjoined from infringing the '083 patent, actively inducing infringement of the '083 patent, and contributing to the infringement by others of the '083 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

### COUNT XII – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '083 PATENT

134.    Plaintiffs incorporate each of the preceding paragraphs 1–133 as if fully set forth herein.

135.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case or actual controversy between Plaintiffs on the one hand and Natco on the other regarding Natco's infringement, active inducement of infringement, and contribution to the infringement by others of the '083 patent.

25

ME1 39434122v.1

136.    The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Natco's ANDA Product with its proposed labeling, or any other Natco drug product that is covered by or whose use is covered by the '083 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '083 patent, and that the claims of the '083 patent are valid.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests the following relief:

a)    A judgment that Natco has infringed, will infringe, and will induce and contribute to infringement of each of the Patents-in-Suit;

b)    A judgment that the Patents-in-Suit are valid and enforceable;

c)    A judgment pursuant to 35 U.S.C. § 271(e)(4)(A) ordering that the effective date of any FDA approval for Natco to make, use, offer for sale, sell, market, distribute, or import Natco's ANDA Product, or any product or compound the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the Patents-in-Suit, shall not be earlier than the latest of the expiration dates of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity;

d)    A preliminary and permanent injunction pursuant to, among other things, 35 U.S.C. §§ 271(e)(4)(B) and 283 enjoining Natco, its officers, agents, servants, employees and attorneys, and all persons acting in concert with them, from making, using, selling, offering for sale, marketing, distributing, or importing Natco's ANDA Product, or any product the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the Patents-in-Suit, or the

26

inducement of or the contribution to any of the foregoing, prior to the latest of the expiration dates of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity;

e) A judgment declaring that making, using, selling, offering for sale, marketing, distributing, or importing Natco's ANDA Product, or any product or compound the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the Patents-in-Suit, prior to the expiration date of the Patents-in-Suit, respectively, will infringe, actively induce infringement of, and/or contribute to the infringement by others of the Patents-in-Suit;

f) An award of Plaintiffs' damages or other monetary relief to compensate Plaintiffs if Natco engages in the manufacture, use, offer for sale, sale, marketing, distribution, or importation of Natco's ANDA Product, or any product the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the Patents-in-Suit, or the inducement of or the contribution to any of the foregoing, prior to the latest of the expiration dates of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity, in accordance with 35 U.S.C. § 271(e)(4)(C);

g) A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

h) An award of Plaintiffs' costs and expenses in this action; and

i) Such further and other relief as this Court may deem just and proper.

ME1 39434122v.1

Dated:  February 2, 2022

OF COUNSEL:                                          MCCARTER & ENGLISH, LLP

David I. Berl                                       */s/ Daniel M. Silver*
Stanley E. Fisher                                   Daniel M. Silver (#4758)
Kevin Hoagland-Hanson                               Alexandra M. Joyce (#6423)
Sarahi Uribe                                        Renaissance Centre
Min Kyung Jeon                                      405 N. King Street, 8th Floor
WILLIAMS & CONNOLLY LLP                             Wilmington, DE 19801
725 Twelfth Street, N.W.                            T: (302) 984-6300
Washington, DC 20835                                dsilver@mccarter.com
T: (202) 434-5083                                   ajoyce@mccarter.com
F: (202) 434-5029
dberl@wc.com                                        *Attorneys for Plaintiffs Acerta Pharma B.V.,*
sfisher@wc.com                                      *AstraZeneca UK Limited, AstraZeneca*
khoagland-hanson@wc.com                             *Pharmaceuticals LP, AstraZeneca AB, and*
suribe@wc.com                                       *Merck Sharp & Dohme B.V.*
mjeon@wc.com

28